**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-078-CVE |
| ) | |
| DERRICK LERON SMITH, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Continuance of Jury Trial (Dkt. # 27). Defendant Derrick Leron Smith is charged with conspiracy to kill or attempt to kill a witness in violation of 18 U.S.C. § 1512 (count one) and obstruction of justice in violation of 18 U.S.C. § 1503 (count two). This case is set for jury trial on June 16, 2014. Defense counsel states that he has received a substantial amount of discovery from the government, and he has been unable to complete his review of the discovery and confer with his client. He further states that he is "hopeful" that a plea agreement can be reached, but he cannot conduct meaningful plea negotiations with the government until he has fully reviewed the discovery. Defendant requests a continuance to the July 2014 jury trial docket. The government does not oppose defendant's motion for a continuance and defendant has executed a speedy trial waiver (Dkt. # 28).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for

granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion for a continuance and finds that it should be granted. Defendant faces a lengthy term of imprisonment if convicted of count one and defense counsel hopes to work out a plea agreement for his client, but defense counsel states that he has not had sufficient time to review the discovery produced by the government. Defense counsel states that he most recently received supplemental discovery from the government on June 4, 2014, and he will not be able to conduct meaningful plea negotiations until he can complete his review of the

2

discovery materials. The Court finds that defense counsel will need additional to review discovery and conduct plea negotiations with the government, and defendant's request for an ends of justice continuance is reasonable. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Continuance of Jury Trial (Dkt. # 27) is **granted**, and the pretrial set for June 10, 2014 and the jury trial set for June 16, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **July 7, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | July 21, 2014 |
| Jury Trial: | **July 28, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 16, 2014 and July 28, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 10th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE